UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1317

AGUS SETYO BUDI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-534-371)

Submitted: May 27, 2005              Decided: July 11, 2005

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, Jean-Michel Voltaire, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Agus Setyo Budi, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Because the Board affirmed under its streamlined process, the immigration judge's decision is the final agency determination. Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004). We will reverse this decision only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record and the immigration judge's decision and find substantial evidence supports the conclusion that Budi failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Next, we uphold the denial of Budi's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding

must demonstrate a clear probability of persecution. <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). As Budi failed to establish refugee status, he cannot satisfy the higher standard necessary for withholding.

Furthermore, we conclude substantial evidence supports the immigration judge's determination that Budi did not establish it was more likely than not that he would be tortured if removed to Indonesia, <u>see</u> 8 C.F.R. § 1208.16(c)(2) (2004), and thus, that Budi's petition for protection under the CAT was properly denied.

Accordingly, we deny Budi's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>